Eastern District of Kentucky
F I L E D
SEP 23 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at COVINGTON

Civil Action No. 13-163-HRW

CYNTHIA LYNN BUCKMAN,                PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,        DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for supplemental security income benefits on November 12, 2009, alleging disability beginning on March 20, 1997, due to scoliosis, depression, arthritis, back pain, memory loss and injuries sustained in a 1991 car accident (Tr. 211). This application was denied initially and on reconsideration. On February 2, 2012, an administrative hearing was conducted by Administrative Law Judge Samuel Rodner (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Janet Chapman, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On April 27, 2012, the ALJ issued his decision finding that Plaintiff was not disabled. Plaintiff was 46 years old on the date of application. She has a 12th grade education (Tr. 215), and although she has worked in the past, none of her employment is relevant pursuant to the regulations.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of her application of benefits (Tr.13).

The ALJ then determined, at Step 2, that Plaintiff suffers from continuing and chronic left hip pain status post surgery with an internal fixation, joint space narrowing of the left hip, severe osteoarthritis, non-extreme morbid obesity and scoliosis , which he found to be "severe" within

the meaning of the Regulations (Tr. 13-15).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 15).

The ALJ further determined that Plaintiff has the residual functional capacity ("RFC") to perform light work with lifting and carrying fifty pounds occasionally, sitting for up to five hours in an eight-hour workday in increments not to exceed four hours, standing for five hours in an eight-hour workday in increments not to exceed four hours, walking for up to two hours in an eight-hour workday in increments not to exceed one hour and occasionally climbing stairs, ramps, ladders or scaffolds.

The ALJ concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 20).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner.

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 14] and this matter is ripe for decision.

## II. ANALYSIS

A.  **Standard of Review**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff asserts that the ALJ erred in weighing the medical evidence.

### C. Analysis of Contentions on Appeal

In arguing error, Plaintiff claims that the ALJ improperly discounted the opinion of Bruce Spiegel, D.O., in favor of other medical opinions in the record.

"In order to determine whether the ALJ acted properly in disagreeing with a medical source, we must first determine the medical source's classification," *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 514 (6th Cir.2010), as "not all medical sources need be treated equally," *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir.2007). The Social Security regulations classify "acceptable medical sources into three types: nonexamining sources, nontreating (but examining) sources, and treating sources." *Id.* at 875. Generally, more weight is given to the medical

"opinion of a source who has examined [the claimant] than to the opinion of a source who has not examined [the claimant]." 20 C.F.R. § 404.1527(c)(1); *see also Norris v. Comm'r of Soc. Sec.*, 461 Fed.Appx. 433, 439 (6th Cir.2012) (noting that a nonexamining source's opinion is given less deference than an examining (but not treating) source's opinion, which is given less deference than a treating source). But "[i]n appropriate circumstances, opinions from State agency medical and psychological consultants ... may be entitled to greater weight than the opinions of treating or examining sources." SSR 96–6p, 1996 WL 374180, at *3. One such instance is where the "State agency medical or p[s]ychological consultant's opinion is based on a review of a complete case record that includes a medical report from a specialist in the individual's particular impairment which provides more detailed and comprehensive information than what was available to the individual's treating source." *Id.* "The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight [the ALJ] will give that opinion." 20 C.F.R. § 404.1527(c)(3). Generally, more weight is given to opinions that are "more consistent ... with the record as a whole," *id.* § 404.1527(c)(4), and opinions of "a specialist about medical issues related to his or her area of specialty." *Id.* § 404.1527(c)(5).

Dr. Spiegel is not a treating physician; he examined Plaintiff on one occasion, in June of 2011, at the behest of her counsel, in order to determine her level of physical functioning. On examination, Dr. Siegel reported a "moderate-to-severe" loss of the lumbar lordosis with restricted range of motion, trace reflexes in the knees, limited strength of the left hip, and limited motion of the left knee (Tr. 452-53). Dr. Siegel noted, based on some of the medical records he reviewed, the physical findings from the examination, and Plaintiff's subjective complaints, she

5

had traumatic arthritis and degenerative joint disease of the left hip with chronic low back pain and symptomatic scoliosis (Tr. 453). Dr. Siegel opined Plaintiff could not sit in one position for more than thirty minutes at a time or two and one-half hours in an eight hour workday; stand or walk for more than fifteen minutes at a time and two hours in an eight-hour workday; and lift more than five pounds (Tr. 453). Dr. Siegel noted x-rays would be beneficial in determining the degree of scoliosis of the back and arthritis of the left hip and knee (Tr. 453). Dr. Siegel suggested Plaintiff would benefit from physical therapy if the x-rays did not reveal a certain degree of deterioration and recommended anti-inflammatory medication (Tr. 453). He noted that, given Plaintiff's age, she would probably not benefit from surgical intervention (Tr. 453).

The ALJ stated several reasons for assigning little weight to this opinion. First, he pointed out that even Dr. Siegel concedes there is no imagery supporting his opinion. It follows that his assesment is based, at least in part, on Plaintiff's subjective complaints. This calls into the question the validity of his opinion, as does the lack of objective testing and treatment for the allegedly disabling impairments.

In addition, as noted by the ALJ, his opinion of dire physical limitations at odds with the other medical opinions in the record. The ALJ gave "significant" weight to the opinion of Bethany C. Wilson, M.D. (Tr. 19, 455-65). Dr. Wilson reviewed some of the medical evidence and examined Plaintiff on August 20, 2011, for complaints of lower back and left leg pain (Tr. 455). Plaintiff indicated medication did not resolve the pain and that she had no insurance or extra money to purchase the medication (Tr. 455). Plaintiff indicated she drank beer and smoked cigarettes (Tr. 455). On examination, Dr. Wilson reported Plaintiff had no muscle asymmetry or atrophy; decreased range of motion of the hip; normal range of motion of the lower back except

6

slightly impaired extension; negative straight-leg raising; normal range of motion with the left knee; normal gait and station; 5/5 muscle strength; normal reflexes, and no sensory deficits (Tr. 456-57). Dr. Wilson opined Plaintiff could lift or carry up to fifty pounds; sit or stand for five hours during an eight-hour workday in four hour increments In addition to Dr. Wilson's opinion, the ALJ gave some weight to the opinion of John Gedmark, M.D. (Tr. 442-49). Dr. Gedmark reviewed a portion of the record and, in March 2010, opined Plaintiff could lift fifty pounds occasionally and twenty-five pound frequently, stand or walk for about six hours in an eight-hour workday, and sit for about six hours in an eight-hour workday (Tr. 443).

Finally, Plaintiff activities belie a contention of disability. She reported that she takes care of her mother, does laundry and occasionally rider her bike (Tr. 233-236, 246). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

A review of the record reveals that the ALJ reviewed the evidence in the record and his conclusions are supported by substantial evidence.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 23rd day of September, 2014.



Henry R. Wilhoit, Jr., Senior Judge